IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT BOEDIGHEIMER, | ) |
| WENDI BOEDIGHEIMER, | ) |
| EMIGRANT MORTGAGE, | ) |
| F&M SAVINGS BANK, and | ) |
| WASHINGTON COUNTY, MINNESOTA | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, United States, alleges as follows:

1. This is a civil action in which the United States seeks to: (a) reduce to judgment certain unpaid federal tax assessments made against Robert and Wendi Boedigheimer (the "Boedigheimers") for tax years 2013, 2014, 2017, and 2018 (Count I, *infra*); (b) enforce federal tax liens encumbering the real property located at 841 Oakgreen Avenue in Stillwater, MN (the "Oakgreen Property") as further described below (Count II, *infra*); obtain an order authorizing the sale of the Oakgreen property and; (d) have the proceeds from the sale distributed in amounts and priority determined by the Court.

2. This complaint has been requested and authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United

1

States, and is brought at the direction of a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401 and 7403(a).

## Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 6334, 7402, and 7403.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 103, 1391, and 1396 because this is the district where defendants Robert and Wendi Boedigheimer reside, where their tax liabilities accrued, and where the Oakgreen Property is located.

## Parties

5. Plaintiff is the United States of America.

6. Defendant Robert Boedigheimer is named as a party to this complaint because he is jointly and severally liable for the tax liabilities, along with his wife Wendi Boedigheimer. He resides within this judicial district at 841 Oakgreen Avenue Place North in Stillwater, Minnesota.

7. Defendant Wendi Boedigheimer is named as a party to this complaint because she is jointly and severally liable for the tax liabilities, along with her husband Robert Boedigheimer. She resides within this judicial district at 841 Oakgreen Avenue Place North in Stillwater, Minnesota.

8. Emigrant Mortgage Company, Inc. is named as a party to Count II of this complaint pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Oakgreen property. Its main office is located at 5 East 42nd St in New York, New York.

9. Farmers & Merchants Savings Bank is named as a party to Count II of this complaint pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Oakgreen property. Its office is located at 7641 Lake Drive in Lino Lakes, Minnesota.

10. Washington County, Minnesota is named as a party to Count II of this complaint pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Oakgreen property. Its county seat is located at 14949 62nd Street North in Stillwater, Minnesota.

**COUNT I: Reduce to Judgment Federal Income Tax Assessments against the Boedigheimers for Tax Years 2013, 2014, 2017, and 2018**

11. The United States incorporates the allegations set forth in paragraphs 1 through 7 above, as if set forth herein.

12. Robert Boedigheimer and Wendi Boedigheimer (collectively "the Boedigheimers") filed joint federal income tax returns (Forms 1040) with the Internal Revenue Service for tax years 2013, 2014, 2017, and 2018. The Boedigheimers reported income tax due on each of those returns, but failed to fully pay the amounts they reported owing.

13. In addition, the IRS assessed additional taxes against the Boedigheimers for the 2013 tax year.

14. On the dates, in the amounts, and for the tax years set forth below, a delegate of the Secretary of the Treasury made income tax, interest, and penalty assessments against the Boedigheimers. These liabilities have balances due as of February 28, 2025, including statutory additions, and after applying any abatements, credits, and payments, as follows:

| Tax Period | Date of Assessment | Assessed Tax | Assessed Penalties | Unpaid Balance (as of February 28, 2025). |
|---|---|---|---|---|
| 2013 | 11/24/2014 | $97,812.00 | $4,871.48 | **$103,564.37** |
|  | 06/13/2016 | $2,770.00 |  |  |
| 2014 | 8/31/2015 | $75,327.00 | $3,230.20 | **$152,098.93** |
| 2017 | 11/19/2018 | $2,471.00 | $31.28 | **$250.84**[1] |
| 2018 | 12/9/2019 | $6,371.00 | $478.29 | **$9,190.28** |
|  |  |  | **Outstanding Balance** | **$265,104.42** |

15.  The assessments referred to in paragraph 14 above were made in accordance with law. Statutory interest has and will continue to accrue on the unpaid balance of the assessments.

16.  Notices of the assessments and demands for payment were given to the Boedigheimers on or about the dates of each assessment.

17.  Despite the proper notices of the assessments and demands for payment, the Boedigheimers failed, neglected, or refused to fully pay the assessed federal income tax liabilities for tax years 2013, 2014, 2017, and 2018.

18.  The Collection Statute Expiration Date (CSED), which normally expires within ten years from the date of assessment, is suspended while an installment agreement is pending with respect to those assessments. *See* 26 U.S.C. §§ 6502, 6331(k)(2)(A) and 6331(i)(5).

---

[1] The Boedigheimers were assessed an additional lien fee in the amount of $92.00 in tax year 2017. The IRS is currently processing the abatement request for $92.00, backdated to 12/7/2020, which will likely reduce the amount listed by $92.00 and associated interest that has accrued since.

4

19. Between April 29, 2021 and July 28, 2021, the Boedigheimers had a pending installment agreement with the IRS for their liability for the 2013 tax year.

20. The CSED for the Boedigheimers' liability for the 2013 tax year was suspended for the 90-day period in which their installment agreement was pending. 26 U.S.C. §§ 6502, 6331(k)(2)(A) and 6331(i)(5).

21. Further, when an installment agreement is terminated, the CSED for the relevant assessments is suspended for 30 days following the termination. 26 U.S.C. § 6331(k)(2)(D).

22. On April 29, 2024, the Boedigheimers' installment agreement for their liability for the 2013 tax year was terminated.

23. The CSED for the Boedigheimers' liability for the 2013 tax year was suspended for 30 days following the termination of the installment agreement. 26 U.S.C. § 6331(k)(2)(D).

24. As stated in paragraph 14 above, the initial assessment of the Boedigheimers' liability for the 2013 tax year was made on November 24, 2014.

25. Ordinarily, the CSED for the initial assessment of the Boedigheimers' liability for the 2013 tax year would expire 10 years after the assessment date, or November 24, 2024.

26. But, because the CSED for the Boedigheimers' liability for the 2013 tax year was suspended for a total of 120 days, the CSED for the November 24, 2014 assessment is extended to March 24, 2025 (10 years and 120 days after the assessment date).

27. By reason of the foregoing, the Boedigheimers are jointly and severally liable to the United States in the total amount of $265,104.42 regarding the assessments referred to in paragraph 14 above, plus interest and other statutory additions to tax that have accrued from February 28, 2025, and will continue to accrue as provided by law until paid in full.

WHEREFORE the United States respectfully requests that the Court enter judgment on Count I of this Complaint in favor of the United States and against Robert and Wendi Boedigheimer, jointly and severally, in the total amount of $265,104.42, plus statutory additions including interest accruing after February 28, 2025, until the judgment is paid, together with such other relief as the Court deems just and proper, including awarding the United States its costs and expenses incurred in this suit.

## COUNT II: Enforcement of Federal Tax Liens

28. The United States incorporates the allegations set forth in paragraphs 1-27 above, as if set forth herein.

29. On or about July 10, 1998, Robert and Wendi Boedigheimer acquired the Oakgreen Property located at 841 Oakgreen Avenue Place North in Stillwater, Minnesota.

30. The Boedigheimers took title to the Oakgreen Property as husband and wife as joint tenants by warranty deed of seller, Emerson Land Company, dated July 10, 1998, and recorded with the Washington County Register of Deeds as document number 990614.

31. The Oakgreen Property has a legal description as follows:

"Lot 7, Block 1, Wynstone 2nd Addition, Washington County, Minnesota."

32. By reason of the assessments, notices of assessment, demands for payment, and the Boedigheimers' failure to pay the assessed liabilities referred to in paragraphs 14

6

through 17 above, and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose as of the dates of the assessments and attached to all property and rights to property belonging to the Boedigheimers, including the Oakgreen Property, as a matter of law.

33.     A delegate of the Secretary of the Treasury filed Notices of Federal Tax Lien with the Register of Deeds in Washington County, Minnesota, regarding the Boedigheimer's federal income tax liabilities referred to in Count I of this Complaint. The relevant Notices of Federal Tax Lien were filed on the dates, and with the recording numbers, below:

| **IRS Serial Number** | **Recorded Date** | **Relevant Tax Liabilities** |
|---|---|---|
| 168102015 | 08/10/2015 | Tax Year 2013 (1040)[2] |
| 498355724 | 07/29/2024 (refiled) | |
| 201202016 | 03/10/2016 | Tax Year 2014 (1040) |
| 503811124 | 10/29/2024 (refiled) | |
| 420385720 | 12/01/2020 | Tax Year 2017 (1040) |
| 420385720 | 12/01/2020 | Tax Year 2018 (1040) |

34.     The federal tax liens described in paragraph 33 attached to the Boedigheimers' ownership interest in the Oakgreen Property.

---

[2] As indicated in paragraph 14 above, two assessments were made for the Boedigheimers' liability for the 2013 tax year. The first assessment of $97,812.00 was made on November 24, 2014, and is based on their originally filed return. The second assessment of $2,770.00 was made on June 13, 2016, after the Boedigheimers filed an amended return. No separate NFTL was filed for the additional assessment.

7

35. By reason of the foregoing, the federal tax liens referred to in paragraph 33 above may be enforced against the Oakgreen Property, and the entire property may be sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the sale proceeds distributed in a manner that the Court may determine. *See* 26 U.S.C. § 7403(c).

WHEREFORE, the United States respectfully requests that the Court enter judgment on Count II of this Complaint in its favor and against all Defendants as follows:

A. Enter judgment in favor of the United States, declaring that the United States' federal tax liens are valid and subsisting liens and attached to all property and rights to property of Robert and Wendi Boedigheimer, including the Oakgreen Property;

B. Order that the United States' federal tax liens described associated with the Boedigheimer's unpaid federal tax liabilities for the 2013, 2014, 2017, and 2018 tax years be enforced against all property and rights to property of Robert and Wendi Boedigheimer, including the Oakgreen Property;

C. Order that if any of the Defendants identified in paragraphs 8, 9, and 10 above claim an interest in the Oakgreen Property senior to the United States' tax liens, then each such Defendant must affirmatively demonstrate the priority of that interest;

D. Determine the rights and priorities of the parties' interests in the Oakgreen Property;

E.      Order that the Oakgreen Property be sold either by public judicial sale or through a receiver appointed by the Court, free and clear of any right, title, lien, claim, or interest of any party, and that any person occupying the property be ordered to leave and vacate said property;

F.      Order that the proceeds from any sale of the Oakgreen Property be distributed in accordance with the Court's determination as to any claims to or priorities in the property; and

G.      Grant the United States its costs incurred in this action together with such other and further relief as the Court deems just and proper.

Dated: March 11, 2025

*/s/ Mollie Clark Ahsan*
MOLLIE CLARK AHSAN
Minnesota Bar No. 0505284
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: (202) 307-0155
Fax: 202-514-6770
Mollie.Ahsan@usdoj.gov
*Attorney for the United States*