UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 25-CV-895 (JMB/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Robert Boedigheimer; Wendi Boedigheimer; Emigrant Mortgage; F&M Savings Bank; Washington County, Minnesota; | |
| Defendants. | |

---

Daniel A. Applegate and Elisabeth Kryska, U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff the United States of America.

Robert and Wendi Boedigheimer, Stillwater, MN, self-represented.

---

This matter is before the Court on Defendants Robert and Wendi Boedigheimer's (Defendants) Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18.) For the reasons explained below, the Court denies the motion.

## BACKGROUND

Defendants filed joint federal income tax returns with the IRS for tax years 2013, 2014, 2017, and 2018 (years at issue). (Doc. No. 48 ¶ 12 [hereinafter "Am. Compl."].) Although Defendants reported income tax due on each of those returns, they failed to fully pay the amounts they owed. (*Id.*) The Government alleges that Defendants received notices of tax assessments and demands for payment on or about the dates of each assessment, but that they failed to fully pay the assessed tax liabilities for the years at issue.

1

(*Id.* at ¶ 16–17.)  The Amended Complaint notes that Defendants defaulted on the terms of their installment agreement sometime before January 29, 2024.  (*Id.* at ¶ 22.)  An IRS CP523 letter dated February 19, 2024, was sent to Defendants at their home address by certified mail on February 14, 2024, which expressed the IRS's intention to terminate the installment agreement.  (*Id.* at ¶ 23.)  Defendants' installment agreement was then terminated on April 24, 2024.  (*Id.* at ¶ 24.)

The Government filed its initial Complaint in March 2025 (Doc. No. 1), and Defendants filed a Motion to Dismiss (Doc. No. 18).  The Government then moved to amend the initial Complaint (Doc. No. 26), which Defendants opposed (Doc. No. 36).  The Court granted the motion to amend in part, while also requiring the Government to respond to the pending motion to dismiss.  (Doc. No. 47.)  The Government filed the Amended Complaint on July 28, 2025, seeking to reduce to judgment Defendants' unpaid federal tax assessments for the tax years at issue, to enforce federal tax liens encumbering real property located at 841 Oakgreen Avenue in Stillwater, MN (Oakgreen Property), to obtain an order authorizing the sale of the Oakgreen Property, and to have the proceeds from the sale distributed in amounts and priority determined by the Court.  (Am. Compl. ¶ 1.)  The parties then filed memoranda disputing whether the Amended Complaint can survive the motion to dismiss that was previously filed.

## DISCUSSION

Defendants argue that the Amended Complaint, like the initial Complaint, is missing necessary factual allegations to plausibly state a claim for relief.  The Court disagrees,

concluding that the Amended Complaint includes sufficient factual allegations that, if true, support a claim for the requested relief.

When considering a motion to dismiss under Rule 12(b)(6), courts accept the facts alleged in the complaint as true and view those allegations in the light most favorable to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citation omitted). However, courts need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* (citations omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the reasons discussed below, the Court denies Defendants' Motion to Dismiss.[1]

Defendants' Motion to Dismiss asserts that the initial Complaint contains one primary deficiency: it includes no allegations to establish that the Government provided Defendants with the required notice of intent to terminate the installment agreement. (Doc. No. 20 at 3–4.) The Court acknowledges that the initial Complaint did not specifically allege that the Government had sent Defendants a CP523 letter expressing the IRS's intent

---

[1] Defendants also request that this Court accept additional evidence and convert the motion into one that it can consider under the summary judgment standard. The Court declines to grant this alternative request, concluding that genuine disputes of material fact would preclude the Court entering judgment in Defendants' favor at this early stage.

3

to terminate the installment agreement. The Amended Complaint, however, contains these allegations. Specifically, the Amended Complaint not only alleges that Defendants defaulted on their obligations under the installment agreement, it also alleges that after Defendants defaulted, the IRS provided Defendants with the required notice. (Am. Compl. ¶¶ 22–23 ("IRS Letters CP523 dated February 19, 2024 and reflecting the IRS' intention to terminate the installment agreement were sent to the [Defendants] at their home address by certified mail on February 14, 2024.").) Viewing these allegations in the light most favorable to the plaintiff, this specific reference to the CP523 letter, including that it was sent by certified mail, is sufficient to allege notice and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[2]

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (Doc. No. 18) is DENIED.

Dated: November 14, 2025                         /s/ *Jeffrey M. Bryan*
                                                 Judge Jeffrey M. Bryan
                                                 United States District Court

---

[2] In their reply brief, Defendants shift focus and argue that the Court should dismiss the Amended Complaint because it lacks allegations that Defendants exhausted or waived their due process rights to challenge the termination of their installment agreement. Defendants, however, do not direct this Court to any binding legal authority to support the proposition that complaints must include factual allegations to defeat any and all potential defenses that might be asserted to challenge the validity of the notice provided. Likewise, Defendants direct this Court to no legal authority setting forth substantive or procedural requirements for such notices. In light of the contrary legal authorities cited by the Government (*see* Doc. No. 50 at 8, n.2), and absent a well-developed legal argument, the Court denies the motion to the extent it is based on this alternative argument.